## A BROKER DOES NOT BECOME THE EQUITABLE OWNER OF STOCK PURCHASED FOR AN UNDISCLOSED CLIENT.

[Circuit Court of Cuyahoga County.]

### P. C. JOECKEN v. THE CUYAHOGA SAVINGS & BANKING COMPANY ET AL.

Decided, June 1, 1903.

*Stockholders' Liability—Brokers not "Equitable" Owners of Stock, When—Section 3259, Defining Stockholders.*

A stockholder in an Ohio corporation endorsed his certificate in blank and left it with a stock broker, a member of the stock exchange, to be sold for the best price to be obtained. The broker sold the stock on the floor of the exchange to another broker and member of the exchange, who stated that he was buying for a client, but did not disclose the client's name. The selling broker delivered the stock with memorandum of sale to the buying broker, and the latter gave his check therefor, and notified his client, who received the stock and paid for it. The stock was never transferred upon the books of the corporation, and the purchaser of the stock died insolvent. The corporation becoming insolvent, suit was brought to subject its stockholders' liability, the original stockholder and the buying broker being made parties thereto. *Held*: The broker buying the stock is not liable as a stockholder of the company.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Appeal from the court of common pleas.

In April, 1901, Dr. E. G. Carpenter was the owner of five shares of stock in the Cuyahoga Savings & Banking Company, represented by a certificate of stock issued in his name. Said certificate of stock, endorsed in blank, was left for sale with H. C. Studley, a broker and member of the Cleveland Stock Exchange, with instructions to sell it for the best price he could get, and on April 9, 1901, Studley sold it at the stock exchange to Lamprecht Brothers & Company, who were also brokers and members of said stock exchange. They had an order from one R. N. Pollock to buy this stock for him, but did not disclose this fact to Studley, although they told him they were buying for a client. The certificate endorsed as aforesaid, accompanied by a memorandum as follows: "Cleveland, April 17, 1901, H. C. Studley & Co., sold to Lamprecht Bros. & Co. 5 shares Cuyahoga Savings & Banking Co., at 105. $525" was delivered to Lamprecht Brothers & Company, who thereupon gave to Studley their check for the amount of the purchase price.

Immediately thereafter Lamprecht Brothers & Company notified said Pollock that they had purchased said stock for him, and he paid them for it and it was delivered to him.

No transfer of the stock was ever entered upon the books of the banking company.

Pollock died insolvent and the bank becoming insolvent, this action was begun to subject the stockholders' liability to the payment of its debts.

Carpenter being made party to this suit brought in Lamprecht Brothers & Company, and we are asked, upon the foregoing facts, to find Lamprecht Brothers & Company liable as stockholders.

Section 3259, R. S. O., defines the word "stockholders" and says it shall be held to apply not only to such persons as appear by the books of the corporation to be such, but to any equitable owner of stock, although the stock appears on the books of the corporation in the name of another.

As Lamprecht Brothers & Company never appeared on the books of the company as stockholders, the only question remaining is whether or not they were ever equitable owners of stock.

It is apparent that they never had any beneficial interest in the stock. Acting under a commission from Pollock, they purchased the stock for his account and immediately delivered it to him. They were Pollock's intermediaries on the exchange and in the negotiations with Studley. The fact that they did not disclose to Studley who they were acting for in no wise affects the ownership of the stock, whatever rights Studley might have had against them on that account, had they or their principal refused to pay for the stock. They never held themselves out as stockholders to the bank or its creditors. From aught that appears in the record neither the representatives of the bank nor its creditors are now claiming them to be such, but Carpenter seeks to shift his responsibility to them. Whether in an action brought by Carpenter against Lamprecht Brothers & Company to indemnify him on his stockholder's liability, Lamprecht Brothers & Company would be estopped from denying their obligation because they neglected to disclose the name of the principal for whom they were acting as agent, we are not called upon to decide; but in such action it would seem that the conduct of the vendor of the stock in endorsing the certificate in blank and offering it on the open market, to pass by delivery, without proviso as to the solvency of any possible purchaser, would work a counter-estoppel and leave the vendor without equity, and it has been so held. *Boultbee* v. *Gzowski,* 24 Ont. App. Rep., 502.

The facts in this case do not warrant the conclusion that Lamprecht Brothers & Company were ever the owners of said five shares of stock of the Cuyahoga Savings & Banking Company. Substantially the same facts appear with reference to the transfer to them of five shares of stock owned by Robert W. Boyd and ten shares owned by J. A. Melcher.

Judgment is entered accordingly, both in this case (No. 3015) and in case No. 3024.

*M. B. & H. H. Johnson,* for plaintiff.

*A. G. Carpenter* and *P. G. Karrulker,* for Carpenter and Melcher.

*F. A. Henry,* for Lamprecht Bros. & Co.